JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04796-SRM-SK | Date | October 23, 2026 |
| Title | *Tammie-LaRae Bowser v. JPMorgan Chase Bank, N.A. et al* | | |

PRESENT:

**HONORABLE SERENA R. MURILLO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Gabriela Garcia | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER (1) DENYING PETITIONER'S REQUEST TO STRIKE RESPONDENT JPMORGAN CHASE BANK, N.A.'S UNTIMELY MOTION TO DISMISS [61]; (2) DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT AGAINST ALL RESPONDENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 55(a) AND 55(b)(2) AND TO STRIKE UNAUTHORIZED LATE FILINGS [71]; AND (3) STAYING ENTIRE ACTION PENDING BANKRUPTCY APPEAL**

## I. INTRODUCTION

On May 4, 2026, Petitioner Tammie-LaRae Bowser ("Petitioner") filed this Petition against Respondent JPMorgan Chase Bank, N.A. ("JPMorgan"), Respondent Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), and Respondent ZBS Law, LLP ("ZBS"). Dkt. 1. On June 3, 2026, JPMorgan filed a motion to dismiss Petitioner's Petition. Dkt. 40. On June 5, 2026, Petitioner filed a Request to Strike JPMorgan's Untimely Motion to Dismiss (Docket No. 40) ("Request to Strike"). Dkt. 61. On June 11, 2026, Shellpoint and ZBS filed joinders to JPMorgan's motion to dismiss. Dkt. 55, 56. Subsequently, on June 17, 2026, Petitioner filed a Motion for Entry of Default Against All Respondents Pursuant to Federal Rules of Civil Procedure 55(a) and 55(b)(2) and to Strike Unauthorized Late Filings ("Motion for Default"). Dkt. 71.

## II. PETITIONER'S REQUESTS TO STRIKE AND FOR ENTRY OF DEFAULT

Petitioner requests that this Court enter default against all three Respondents and strike JPMorgan's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 55(a) and (b). Under Federal Rule of Civil Procedure (55)(a), default may be entered against a party "whom a judgment for affirmative relief is sought" if that party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). If a party is in default, the plaintiff may seek default judgment against the defendant via the clerk or the court (depending on the factual circumstances). Fed. R. Civ. P. 55(b).

JPMorgan filed its Motion to Dismiss on June 3, 2026, two days after its response was due. Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04796-SRM-SK | Date | October 23, 2026 |
| Title | *Tammie-LaRae Bowser v. JPMorgan Chase Bank, N.A. et al* | | |

40. On June 5, 2026, Petitioner filed a motion to enter default against JPMorgan and strike JPMorgan's motion as untimely *after* JPMorgan filed its motion. Dkt. 61. Petitioner also filed requests for the clerk to enter default as to all three Respondents. Dkt. 62–64. However, before the clerk entered default against the Respondents, Shellpoint and ZBS filed joinders to JPMorgan's Motion to Dismiss. Dkt. 55, 56. Thus, the clerk denied Petitioner's requests for the entry of default due to the fact that all three Respondents had filed a responsive pleading indicating their intent to defend themselves against Petitioner's claims. Dkt. 66.

Since none of the Respondents are in default, Petitioner cannot seek default or default judgment under Federal Rule of Civil Procedure 55(a) or (b). As such, Petitioner's Request to Strike JPMorgan's Untimely Motion to Dismiss, Dkt. 61, and Motion for Entry of Default Against all Respondents, Dkt. 71, are **DENIED**. Dkt. 61, 71.

## III. STAY OF MATTER PENDING BANKRUPTCY CASE AND APPEAL

Petitioner previously filed this petition in the Los Angeles Superior Court, the matter was removed to the United States District Court for the Central District of California on January 2, 2026, and ultimately dismissed on February 20, 2026. *See Tammie LaRae Bowser v. ZBS Law, LLP et. al.*, Case No. 2:26-cv-00025-SVW-DFM.

In addition, Petitioner has an on-going bankruptcy case in which all three Respondents are creditors and/or counsel representing creditors. Dkt. 94; *see In Re Debtor Tammie Larae Bowser*, Case No. 2:25-bk-21068. On September 25, 2026, Petitioner filed an appeal of the underlying matter that is pending with another court in this district. *See In Re Debtor Tammie Larae Bowser*, Case No. 2:26-cv-11521-FLA. Petitioner also filed a separate appeal on September 11, 2026 pending with yet another court in this district. *See Tammie Larae Bowser v. JPMorgan Chase Bank, N.A., NewRez LLC dba Shellpoint Mortgage Servicing*, Case No. 2:26-cv-1-481-DMG. Since the outcome of the bankruptcy appeals and underlying case inform the Court's rulings in this case, this matter is **STAYED**. All pending motions are **DENIED AS MOOT** and subject to refiling pending the outcome of the bankruptcy case and appeals, including the following:

1. Petitioner's Motion to Declare Liens Void and for Quiet Title, Declaratory Relief, and Permanent Injunction, Dkt. 7;
2. Petitioner's Ex Parte Application for Approval of Notice of Pendency of Action (Lis Pendens), Dkt. 21;
3. Petitioner's Ex Parte Application for Approval of Notice of Pendency of Action (Lis Pendens), Dkt. 25;
4. Petitioner's Motion for Partial Summary Judgment on California Civil Code § 2941 Statutory Penalty Claim Against Respondent JPMorgan Chase Bank, N.A., Dkt. 31;
5. Petitioner's Motion for Leave to Amend Petition to (1) Add Federal Home Loan Mortgage Corporation as Named Respondent; and (2) Add California Civil Code § 1788.52 as Additional Cause of Action Against Shellpoint and Freddie Mac, Dkt. 35;
6. Petitioner's Second Notice of Recent Developments in Related Bankruptcy Case and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04796-SRM-SK | Date | October 23, 2026 |
| Title | *Tammie-LaRae Bowser v. JPMorgan Chase Bank, N.A. et al* | | |

Renewed Urgent Request for Immediate TRO Ruling, Dkt. 36;

7. Petitioner's Third Notice of Critical Development – The Freddie Mac Assignment Was Never Recorded in the Los Angeles County Recorder's Office – Sixth Broken Link in Change of Title – Sworn Declaration May Describe Fabricated Instrument – Urgent Request for Immediate TRO, Dkt. 37;
8. Petitioner's Request to Withdraw Reference of 2:25-bk-21068-NB from the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Dkt. 38;
9. Petitioner's Ex Parte Application for Approval of Notice of Pendency of Action (Liens Pendens) Pursuant to California Code of Civil Procedure § 405.21, Dkt. 39;
10. Respondent JPMorgan Chase Bank, N.A.'s Notice of Motion and Motion to Dismiss Petitioner's Petition, Dkt. 40;
11. Respondent ZBS Law, LLP's Joinder to Respondent JPMorgan's Motion to Dismiss (Dkt No. 40), Dkt. 56;
12. Petitioner's Ex Parte Application for Leave to File Late-Filed Opposition to Motion to Dismiss, Dkt. 88;
13. Petitioner's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re. Preliminary Injunction, Dkt. 91;
14. Petitioner's Motion for Ruling on Pending Motion to Withdraw Reference, Dkt. 93;
15. Petitioner's Supplemental Petition Regarding Ex Parte Petition for Temporary Restraining Order and Preliminary Injunction, Dkt. 100; and
16. Petitioner's Petition to Establish Valid Service and for Entry of Default, Dkt. 105.

The Parties shall file a Status Report regarding Petitioner's bankruptcy case and appeal every sixty (60) days. The clerk is directed to administratively close this case.

- : -

Initials of Deputy Clerk gga

cc: